UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DISH NETWORK L.L.C., ECHOSTAR TECHNOLOGIES L.L.C., and NAGRASTAR LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | 1:16-cv-00843-RLY-DKL |
| vs. | ) ) ) | |
| JOHN LADD, SR. | ) ) | |
| Defendant. | ) | |

**ENTRY ON DISH NETWORK'S MOTION FOR DEFAULT JUDGMENT**

Plaintiffs, Dish Network L.L.C., EchoStar Technologies L.L.C., and NagraStar LLC (collectively "DISH Network"), allege that Defendant, John Ladd, Sr., circumvented their security technology and intercepted satellite broadcasts of copyrighted television programming without paying the required subscription fee. According to the Complaint, Ladd subscribed to a pirate television service known as NFusion Private Server that allowed him to decrypt DISH Network's satellite signal. Ladd was able to enjoy unlimited access to DISH Network programming, including premium and pay-per-view channels, thereby causing lost revenues and harm to DISH Network's reputation and goodwill.

The record reflects that Ladd was personally served with the Complaint on June 16, 2016, but has failed to plead or otherwise defend himself. The Clerk entered default on August 18, 2016, and DISH Network now moves for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

DISH Network's Complaint contains three counts: (1) circumventing an access control measure in violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201(a)(1); (2) receiving satellite signals without authorization in violation of the Federal Communications Act ("FCA"), 47 U.S.C. § 605(a); and (3) intercepting satellite signals in violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511(1)(a). DISH Network requests recovery only on Count III.

The ECPA makes it unlawful for a person to "intentionally intercept" any "electronic communication." 18 U.S.C. § 2511(1)(a). The Seventh Circuit has made clear that encrypted broadcasts of satellite television programming, such as those transmitted by DISH Network, constitute "electronic communication" for purposes of the ECPA. *United States v. Shriver*, 989 F.2d 898, 902 (7th Cir. 1992). The court finds that DISH Network's Complaint pleads sufficient facts to show a plausible claim for relief under Section 2511(1)(a). Because Ladd has been defaulted under Rule 55(a), liability under the ECPA is established. *See VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) ("The basic effect of an entry of default (step one) is that upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.") (citations, quotation marks, and brackets omitted).

The court may award equitable relief, actual or statutory damages, punitive damages, attorney's fees, and costs to "any person whose . . . electronic communication is intercepted." 18 U.S.C. § 2520(a-b). DISH Network seeks two forms of relief, the first of which is $10,000.00 in statutory damages. *See* 18 U.S.C. § 2520(c)(2)(B) (authorizing the court to assess "statutory damages of whichever is the greater of $100 a

...

day for each day of violation or $10,000"). DISH Network supports its request with citations to case law, affidavits, and other evidence. *See Domanus v. Lewicki*, 742 F.3d 290, 303 (7th Cir. 2014) ("[W]hile a default judgment conclusively establishes liability, the victor must still prove up damages."). The court therefore finds that DISH Network is entitled to the amount requested, and that a damages hearing is unnecessary. *See Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) ("A judgment by default may not be entered without a hearing on damages unless . . . the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.").

DISH Network also seeks a permanent injunction that bars Ladd from intercepting its broadcasts. A party seeking permanent injunctive relief bears the burden of showing: (1) that it has suffered irreparable harm; (2) that remedies available at law, such as monetary damages, are inadequate to remedy the injury; (3) that the balance of hardships between the plaintiff and defendant favor a remedy in equity; and (4) that an injunction is in the public interest. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Each element is satisfied here. This court has previously entered a permanent injunction in favor of DISH Network as part of a default judgment against an individual who violated the ECPA. *See Dish Network L.L.C. v. Abner*, No. 4-15-cv-00068-RLY-TAB, Filing No. 11 (S.D. Ind. June 24, 2016); *Dish Network L.L.C. v. Farooqui*, No. 1:13-cv-00118-LJM-MJD, Filing No. 15 (S.D. Ind. June 4, 2013); *Dish Network L.L.C. v. Keown*, No. 4:13-cv-00013-SEB-WGH, Filing No. 14 (S.D. Ind. May 8, 2013).

Therefore, DISH Network's Motion for Default Judgment (Filing No. 9) is **GRANTED**.  Ladd is **ORDERED** to remit $10,000.00 in statutory damages to DISH Network within sixty days of the date of this Entry.  Furthermore, Ladd is **PERMANENTLY ENJOINED** from:

(1) intercepting, or assisting others in intercepting, DISH Network's satellite television transmissions without its authorization through any means, including Internet Key Sharing (also known as Control Word Sharing); and

(2) testing, analyzing, reverse engineering, manipulating or otherwise extracting codes or other technological information or data from DISH Network's satellite television receivers, access cards, data stream or any other part or component of its security system or other technology used to gain access to DISH Network programming, including through the use of Internet Key Sharing.

DISH Network stipulated to dismissal with prejudice of its two alternative claims, violations of the DMCA and FCA, if the court granted the relief it requested.  The court has done so.  Accordingly, Counts I and II of the Complaint are **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 13th day of September 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

4

5

Distributed Electronically to Registered Counsel of Record.

Distributed via U.S. Mail:

John Ladd Sr.
9243 Wind River Court
Indianapolis, IN 46234